OPINION

This ease concerns whether there was jurisdiction to grant a divorce. The Court vacates the Window Rock Family Court’s dismissal and remands for further proceedings.
I
The facts are taken from the Family Court’s decision and the record. Appellant Dorothy Mae Begay lives in Mesa, Arizona. Appellee Philbert Leroy Begay lives in White Cone Chapter within the Navajo Nation, though it is unclear how long he has lived there. Both are members of the Navajo Nation, and were married within the Navajo Nation. Dorothy Begay filed for divorce in the Window Rock Family Court. Philbert Begay counterclaimed for divorce in the same proceeding. After discovery, the appointment of a guardian ad litem, the submission of reports by Social Services, and the issuance of. a partial divorce decree, the Fami *749 ly Court dismissed the case for lack of jurisdiction. The Family Court concluded that that Dorothy Mae Begay had not “resided” within the Navajo Nation for a period of ninety days before filing the divorce petition as required by 9 N.N.C. § 402. Though the Family Court’s dismissal order did not mention the counterclaim, the court closed the case, and therefore dismissed the counterclaim as well. Dorothy Begay then appealed to this Court.
II
The issue in this case is whether the dismissal of a divorce was proper when the parties are both Navajo, when the petitioner lives outside the Navajo Nation and the respondent lives within the Nation, and when the respondent filed a counterclaim for divorce.
III
Appellant argues on two grounds that the Family Court improperly dismissed the case.[1] First, Appellant contends that the Family Court’s interpretation of the term “resided” in Section 402 of the Domestic Relations Code[2] is too restrictive, as a Navajo who temporarily lives outside the Navajo Nation for economic reasons nonetheless “resides” on the Nation for jurisdictional purposes. Second, Appellant argues that even if there was no jurisdiction over the petition filed by Dorothy Begay, there was nonetheless jurisdiction over Philbert Begay’s counterclaim for divorce, as he allegedly fulfills the residency test the Family Court applied.
The Court resolves this ease under the counterclaim issue, and therefore does not decide whether Dorothy Begay “resided” on the Navajo Nation for purposes of divorce jurisdiction. The Family Court incorrectly dismissed the counterclaim, as, assuming Respondent fulfilled the residency requirement, there was independent jurisdiction over the counterclaim. A counterclaim is a separate claim from the original petition, though plead in response to the petition. The Court must have jurisdiction over both the original petition and the counterclaim; there is no jurisdiction over the counterclaim merely because it is plead in response to the petition. See Rule 13(a), 13(h), Navajo Rules of Civil Procedure (NRCP) (counterclaims may be heard if court has jurisdiction over the parties and claim). If the court lacks jurisdiction over the original petition, the counterclaim nonetheless survives if there is a separate jurisdictional basis to hear the counterclaim. Cf. NRCP 13(h) (allowing judgment on counterclaim when court orders separate trials of claim and counterclaim, even if claim by other party is dismissed); 20 Am.Jur.2d Counterclaim, § 91 (1995) (under federal rules); 6 Wright and Miller, Federal Practice and Procedure, Civ.2d, § 1414 (same). Assuming the Respondent fulfills the requirements of the statute, the counterclaim can stand, despite the dismissal of the original claim.
As the Family Court dismissed the counterclaim without inquiring whether there was independent jurisdiction, this *750 Court must remand the case. The Family Court must examine whether Philbert Be-gay independently fulfills the statutory requirements. Though the petition and answer state that Philbert lives in White Cone Chapter within the Navajo Nation, they do not state whether , he lived on the Nation for 90 days prior to filing his counterclaim.[3] If he does, then the court must proceed to resolve the remaining issues, as the partial divorce decree issued before the dismissal of Petitioner’s claim is legitimate if the court had jurisdiction over the counterclaim.
IV
Based on the above, the Court VACATES the Family Court’s dismissal order and REMANDS the case for further proceedings. Specifically, the Family Court shall decide whether Philbert lived within the Navajo Nation ninety days prior to filing his counterclaim, and, if so, proceed to resolve any issues still pending between the parties and issue a final divorce decree.

. Appellee Philbert Begay filed a notice with the Court that he would not file a brief contesting Dorothy Begay’s appeal. Therefore, : the Court decides this appeal on the record. ) See Rule 12(c), Navajo Rules of Civil Appellate Procedure.

. The exact language is as follows:
The complaining party shall have resided on the Navajo Nation .... at least 90 days prior to the commencing of any action for the dissolution of any marriage before the Courts of the Navajo Nation will entertain t he action.
9 N.N.C. § 402 (2005).

. The Court does not mean to endorse the Family Court’s definition of “resided,” but only notes that if Philbert did live on the Nation for at least ninety days before filing his counterclaim, he would fulfill the more restrictive test the Family Court applied. It would then be unnecessary to decide the question whether “resided” has a broader meaning than physically living within the Na-i lion.